UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VINCENT WALKER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-00673-SEB-TAB |
| UNITED STATES OF AMERICA and its representatives, STATE OF INDIANA and its representatives, IDOC and its representatives, et al., | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

Plaintiff Vincent Walker, an inmate at the Westville Correctional Facility with a self-described "serious mental illness" (dkt. 16-1 at p. 1), filed this civil action alleging that his Eighth Amendment rights were violated during the time in which he was placed in segregation. Walker also alleges that he was placed in segregation in retaliation for filing complaints and grievances in violation of his First Amendment rights. These violations allegedly occurred at the Indiana State Prison, Westville Correctional Facility, Correctional Industrial Facility, and Wabash Valley Correctional Facility. The plaintiff's recent submission reflects that he intends to sue 132 defendants in this action. See dkt. 16. The defendants include both state and federal officials, private actors and Indiana Department of Corrections' employees.

**I. Dismissal of Complaint**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations,

taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Walker, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The complaint as presented cannot proceed. There are two major deficiencies which must be addressed. First, collective liability under 42 U.S.C. § 1983 is not permitted--personal involvement is required. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012) (section 1983 liability requires a defendant's personal involvement in the alleged constitutional violation). Accordingly, the majority of the 132 defendants thought to be named in this action must be dismissed as legally insufficient because there is no allegation of wrongdoing on their part. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *see also Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against

one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

The second deficiency is the misjoinder of claims. "Unrelated claims against different defendants belong in different suits…." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 20 of the *Federal Rules of Civil Procedure* allows joinder of multiple defendants only when 1) the allegations against them involve the same transaction or occurrence and, 2) common questions of fact and law will arise as to all defendants. The violation here consists of the diversity of claims against the multitude of defendants. Specifically, the complaint does not set forth any claim that properly joins all defendants. The claims based on events which occurred in different prisons should be brought in different lawsuits. In *George,* the Seventh Circuit instructed that such Abuckshot complaints@ be Arejected.@ 507 F.3d at 607. Therefore, the plaintiff=s complaint is **rejected on this basis.**

## II. Further Proceedings

### A. Opportunity to File Amended Complaint

In such a situation such as this, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

The circumstances alleged by Walker which occurred at the Correctional Industrial Facility shall proceed in this action. At present, those claims and defendants are unclear. Accordingly, the plaintiff shall have **through August 12, 2014,** in which to file an amended complaint pertaining only to the claims and defendants related to the circumstances arising at the

Correctional Industrial Facility. In submitting an amended complaint, Walker shall conform to the following guidelines:

- ! The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- ! The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- ! The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

## B. Severance of Claims

As discussed above, the other claims asserted in the complaint are misjoined. Specifically, claims which arise out of the circumstances present at the Indiana State Prison, Westville Correctional Facility and Wabash Valley Correctional Facility are misjoined. The misjoined claims shall either be severed into three new actions or dismissed without prejudice. The plaintiff is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If new actions are opened, the plaintiff will be responsible for a filing fee for each new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case.

The plaintiff shall have **through August 19, 2014,** in which to **notify the Court** whether he wishes the Court to sever any claim(s) into new actions, and if so, he shall identify which claims against which defendants. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

**IT IS SO ORDERED.**

Date:   07/18/2014

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

VINCENT WALKER
DOC # 913441
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391